# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:22-cr-26-33 |
| TIMOTHY W. LOPER, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Timothy W. Loper's Motion for Competency Evaluation. Doc. 1036. Based on the entire record in this case, including a report prepared and submitted by Dr. Haley Wentowski (the "BOP Report"), doc. 1039, I find Mr. Loper is currently capable of understanding the charges against him and meaningfully consulting with his counsel about his defense. Therefore, I **RECOMMEND** the Court find that Defendant Timothy W. Loper is competent to stand trial and proceed with this case.

## BACKGROUND

The United States charges Mr. Loper by way of indictment with:

Count One, conspiracy to possess with intent to distribute and to distribute controlled substance, in violation of 21 U.S.C. § 846; Count Two, conspiracy to use, carry and possess firearms in furtherance of an in relation to ta drug trafficking crime, in violation of 18 U.S.C. § 924(o); and Count Sixteen: possession of a controlled substance with intent to distribute (5 grams or more of methamphetamine), in violation of 21 U.S.C. § 841(a)(1). Mr. Loper appeared for his initial appearance and arraignment in this case on February 6, 2023. On April 27, 2023, Defendant

filed a Motion for Competency Evaluation. Doc. 1036. The Court conducted a hearing on May 5, 2023. After hearing from the parties, it was ordered that Defendant would be committed to BOP for a psychological examination. Specifically, the Court issued an order based on 18 U.S.C. §4241(b) granting the parties' Motion for Psychiatric/Psychological Examination and Evaluation, doc. 1039, and ordering that Mr. Loper be evaluated by a psychiatrist or psychologist. Doc. 1101.

Pursuant to the Court's Order for Psychological Examination, Dr. Haley Wentowski, a forensic psychologist from the Federal Bureau of Prison, Federal Medical Center in Lexington, Kentucky provided a report to the Court (the "BOP Report"). Doc.1463. Dr. Wentowski evaluated Mr. Loper from June 9, 2023 to July 7, 2023. In her report, Dr. Wentowski explains that, in her opinion, although Mr. Loper has persistent depressive disorder and general anxiety, Mr. Loper was able to meaningfully participate in interviews and testing and demonstrated his competency to stand trial. Dr. Haley Wentowski opines Mr. Loper's symptoms are not presently interfering with his abilities relevant to competency. Mr. Loper is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Dr. Wentowski further states Mr. Loper presented with a reasonable degree of factual and rational understanding of the legal proceedings and has a sufficient ability to consult with counsel. Dr. Wentowski concludes Mr. Loper is currently competent to stand trial.

Following the review of Dr. Wentowski's report, the parties filed a Joint Stipulation Regarding Competency with the Court on August 2, 2023, doc. 1467, stating the parties stipulate to the findings of Dr. Wentowski's report, they have no objection to the Psychiatric Report, and stipulate Defendant does not suffer from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and that Defendant is currently competent to proceed in this case.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he has the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

Therefore, I **RECOMMEND** the Court find Mr. Loper competent to stand trial. While I had reasonable cause to believe Mr. Loper may have suffered from a mental disease or defect at the time I ordered Mr. Loper's competency evaluation, based on facts described above, I have now determined Mr. Loper is competent to stand trial.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Loper competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA